# IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **ENRIQUE DIAZ REZA,** | : | **CIVIL ACTION** |
| *Petitioner*, | : | |
| | : | **NO. 26-5679** |
| | : | |
| **v.** | : | |
| | : | |
| **J.L. JAMISON,** *Warden of* | : | |
| *Philadelphia Federal Detention* | : | |
| *Center*, *et al.*, | : | |
| *Respondents.* | : | |

## ORDER

**AND NOW**, this 13th day of August 2026, upon consideration of Petitioner's *petition for writ of habeas corpus*, (ECF 1), and Respondents', (the "Government"), Response, (ECF 5), it is hereby **ORDERED** that the petition for *writ of habeas corpus* is **GRANTED** as follows:[1]

---

[1]     Petitioner, a citizen of Mexico, entered the United States at a southern border years ago. (ECF 1 at ¶ 70). On August 6, 2026, Petitioner was taken into custody of the Department of Homeland Security, ("DHS"), while on his way to work in Delaware, (*id.* at ¶ 3), and placed in mandatory immigration detention with no prior notice or opportunity to be heard. (*Id.*). He has no criminal history. (*Id.* at ¶ 73).

Instantly, Petitioner argues that his detention violates the Immigration Nationality Act, ("INA"), and his rights under the Fourth and Fifth Amendments of the United States Constitution. Petitioner seeks immediate release from detention. In its response, the Government argues that Petitioner is an "applicant[] for admission" who is "seeking admission" such that mandatory detention pursuant to 8 U.S.C. § 1225(b)(2)(A), ("Section 1225(b)(2)(A)"), is lawful and that his detention meets constitutional due process requirements for the reasons it previously explained in briefing to this Court and the United States Court of Appeals for the Third Circuit, (the "Third Circuit").

The legal issues presented by this Petition are nearly identical to those this Court has previously resolved in its many rulings on the legality of detention pursuant to 8 U.S.C. § 1225(b)(2)(A). *See, e.g.*, *Kumar v. McShane*, 2025 WL 3722005, at *5-7 (E.D. Pa. Dec. 23, 2025); *Nasimov v. Jamison*, 2026 WL 94615, at *4-6 (E.D. Pa. Jan. 13, 2026). As such, this Court herein incorporates by reference its prior Opinions and again finds that Respondents are not authorized to detain Petitioner pursuant to Section 1225(b)(2)(A). The Court further finds that ICE's present authority to detain Petitioner lies, at best, within 8 U.S.C. § 1226(a), because he is a noncitizen who has been residing in this country for many years without any criminal history. *See* 8 U.S.C. § 1226(a) (providing, *inter alia*, that a noncitizen "*may* be arrested and detained pending a decision" on his removal) (emphasis added). Thus, Petitioner is, at the very least, entitled under law to a bond hearing, and his continued detention without one violates the INA.

As to Petitioner's constitutional arguments, to which the Government mounts a perfunctory opposition, this Court agrees with Petitioner that his detention pursuant to Section 1225(b)(2)(A) violates his constitutional right to due process where the detention implicates his weighty right to freedom from restraint and the Government failed to provide him the process due under the applicable detention statute. *See Nasimov*, 2026 WL 94615, at *5-6 (holding a petitioner's unlawful mandatory detention violated his

1. The Government's mandatory detention of Petitioner under 8 U.S.C. § 1225(b)(2) violates the INA and the Due Process Clause of the Fifth Amendment of the United States Constitution;

2. Because Petitioner is in custody in violation of the law and the Constitution of the United States, he is to be *immediately* released from the Federal Detention Center in Philadelphia, Pennsylvania;

3. The Government is further directed to return to Petitioner any and all funds, forms of identification, and property which may have been seized from him at the time of his arrest on August 6, 2026; and

4. The Government is directed to certify compliance with the Court's Order by filing such certification on the docket by 5:00 p.m. on August 14, 2026; and

5. Petitioner may move for attorneys' fees by September 14, 2026.[2]

The Clerk of Court shall mark this case **CLOSED**, upon receipt of the certification.

**BY THE COURT:**

/s/ *Nitza I. Quiñones Alejandro*
**NITZA I. QUIÑONES ALEJANDRO**
*Judge, United States District Court*

---

due process rights where the petitioner was subject to discretionary immigration detention and detained without the requisite bond hearing).

Accordingly, this Court finds that Petitioner's detention violates the INA and Petitioner's Constitutional due process rights and declines to reach Petitioner's Fourth Amendment argument. A *habeas* court is empowered to "dispose of the matter as law and justice require." 28 U.S.C. §§ 2241(a), 2243. "The traditional function of the writ of *habeas corpus* is to secure release from unlawful executive detention." *Hope v. Warden York Cnty. Prison*, 972 F.3d 310, 323 (3d Cir. 2020) (citing *Munaf v. Geren*, 553 U.S. 674, 693 (2008)). Considering the statutory and constitutional violations set forth herein, this Court finds that law and justice require Petitioner's immediate release.

[2] Petitioner summarily requests attorneys' fees under the Equal Access to Justice Act, (the "EAJA"), 28 U.S.C. § 2412. The Government offers no specific argument in response. Under Third Circuit law, "the EAJA unambiguously applies to *habeas* challenges to immigration detention" and the Government bears the burden of justifying its position in response to a successful *habeas* petition to defeat a prevailing petitioner's application for fees. *Michelin v. Warden Moshannon Valley Corr. Ctr.*, 169 F.4th 418, 432 (3d Cir. 2026). Here, the briefing submitted from both parties is insufficient to decide Petitioner's request. Thus, Petitioner will be allowed ten days to file a proper motion for costs and fees.